WATTERS, Appellant, v. RYAN, Respondent. ·

· (168 N. W. 719).

(File No. 4303.   Opinion filed Sept. 3, 1918).   (On Rehearing, Case
Stricken from calendar Nov. 4, 1918).

**Specific Performance—Land Sale Pending Litigation—Vendee in
Possession and Use Covering Taxes and Mortgage Interest—
New Evidence on Re-trial—Former Decision, Whether Law of
Case?**

Where Supreme Court upon former appeal (31 S. D. 536)
construed a contract of sale of realty, containing .certain pro-
visions and conditons which inherently rendered it unconsciou-
cable, and unenforcible in equity; certain additional evidence
having been introduced upon re-trial; **held,** that the contract as
so formerly construed controls upon present appeal; the pro-
visions of the contract being unchangable; and stands with
same force and effect as on former appeal; and while there may
be additonal evidence as to surrounding circumstances concern-
ing the transaction of sale, the vital point, the contract, being
unchanged, the decision must follow former appeal, it being the
law of the case for purposes of specific performance.

Whiting, P. J., concurring specially.

Appeal from Circuit Court, Spink County. HON. JOSEPH H.
BOTTUM, Judge.

Action by G. M. Watters, against J. W. Ryan, to enforce
specific performance of a contract of sale of realty.  From a
judgment for defendant, and from an order denying a new trial,
plaintiff appeals.  Affirmed.

*John B. Hanten,* and *W. F. Bruell,* for Appellant.

*M. Moriarty,* and *Sterling & Clark,* for Respondent.

Appellant cited:

Walter vs. G. N. Ry. Co., 22 S. D. 256, 18 L. R. A. NS. 297;
Dolvin vs. Am. Harrow Co., ·28 L. R. A. NS. 787; Meeks v. S.
P. 56 Cal. 513.

Respondent cited:

23 Cyc. 1306.

McCOY, J.   This action was instituted for the specific per-
formance of a contract for the purchase and sale of certain real
estate.   Findings and judgment were in favor of defendant, and
the plaintiff appeals.   The appeal in this case is from the portion
of the judgment denying specific performance.   This same cause
based upon the same contract, was before this court on a former

occasion; the decision being reported in 31 S. D. 536, 141 N. W.
359. The contract will be found in the former decision.

It is now contended by appellant that, by reason of additional
evidence offered on the last trial, the decision on the former ap-
peal has no binding effect as the law of the case as it now ap-
pears from the record before us on this appeal. We are unable to
concur in this contention. Of course, there may be a great many
causes presented to the appellate court a second time, wherein
there has been submitted such a changed showing as to what the
facts surrounding the case were, as to warrant a different decision
on the second appeal; but we are of the opinion that no such
state of different facts is or could be shown to exist in this case.
This court held by the former opinion that the contract, on which
the plaintiff, who is appellant in this case, based his cause of ac-
tion and right to specific performance, contained certain pro-
visions and conditions which inherently rendered the said con-
tract unconscionable, and one which a court of equity would not
specifically enforce. These provisions of this contract are un-
changeable, and stand with the same force and effect on this as
on the former appeal, and, while there may be much additional
evidence as to surrounding circumstances in relation to the trans-
action of the sale of the said lands, the vital point, the provisions
of the contract, is unchanged; and the decision on this must of
necessity be the same as on the former appeal. The decision on
the former appeal was and is the law of this case as to the force
and effect of the contract for the purposes of specific performance.
Other assignments of error have been made on other propositions
involved, all of which have been carefully considered, and we are
of the view that no prejudicial error appears therein.

Finding no prejudicial error in the record, the judgment and
order appealed from are affirmed.

WHITING, P. J. (concurring specially). My colleagues
hold that the contract between these parties was such that no such
state of facts different (from those shown upon the former trial)
is or could be shown to exist as would warrant "a different de-
cision on (this) the second appeal." If they were of such opinion,
they should not have concurred in the opinion handed down upon
the former appeal, but should have directed the lower court to

enter judgment in favor of defendant. Upon the former appeal we remitted the case for a new trial, saying:

"This cause should be remanded to the trial court for further trial, and unless such court shall be able, under such further light as it may receive upon another trial, to construe the contract so that, even after the lapse of the long period that has run since it was entered into, equity may be done between the parties hereto, or unless respondent shall come into court and 'consent to a conscientious modification of the contract' (Willard v. Taylor [8 Wall, 557, 19 L. Ed. 501] supra), it should remand the respondent to his rights at law and refuse specific performance of the contract."

I believe this court did not err in its former opinion, and therefore cannot concur in the reasons announced by any colleagues for affirming the lower court. But, being of the opinion that upon the new trial no facts were shown warranting a different construction of the contract from that given upon the former appeal, and that plaintiff did not upon the new trial "consent to a conscientious modification of the contract," I am of the opinion that the trial court did not err in refusing specific performance of the contract.